FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 27 2023

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

**MICHAEL BURGESS**                                                                 PLAINTIFF

vs.                               Case No. 4:23-cv-895-JM

**MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY; RUSS VANDERSTEEG;
and JOHN DOES 1-10**                                                              DEFENDANTS

## COMPLAINT

Plaintiff Michael Burgess ("Burgess" or "Plaintiff"), by and through his undersigned counsel, for his Complaint against Massachusetts Mutual Life Insurance Company, Russ VanderSteeg ("VanderSteeg"), and John Does 1-10, respectfully states as follows.

### INTRODUCTION

1. This is an action under the Age Discrimination in Employment Act and state law concerning Defendants' unlawful conduct.

This case assigned to District Judge Moody
and to Magistrate Judge Ervin

### PARTIES

2. Burgess is a citizen of Arkansas, who at all relevant times resided in Bryant, Saline County, Arkansas. Burgess is 76 years of age.

3. Massachusetts Mutual Life Insurance Company is an insurance company, licensed to do and doing business in Arkansas. Upon information and belief, Massachusetts Mutual Life Insurance Company sometimes does business as Strategic Financial Partners and/or MML Investor Services, LLC (herein, collectively, "MassMutual").

4. Russ VanderSteeg is an individual who, at all relevant times, was an agent or representative of MassMutual. Upon information and belief, VanderSteeg is a citizen of Tennessee, who regularly conducts business in Arkansas for the benefit of himself and as an agent or representative of MassMutual.

5. John Does 1-10 are as yet unidentified persons who, during the relevant time period, worked under and/or at the direction of VanderSteeg or MassMutual and were agents or representatives thereof in commencing some or all of the violations of the Age Discrimination in Employment Act ("ADEA") and Arkansas state law, as discussed in greater detail herein. The actions of John Does 1-10 were committed in Arkansas.

## JURISDICTION

6. This Court has jurisdiction over Plaintiff's claims pursuant to the ADEA under 29 U.S.C. §§ 623 *et al.* and supplemental jurisdiction over Plaintiff's claims pursuant to Arkansas state law under 28 U.S.C. § 1367.

## VENUE

7. The actions alleged in this Complaint occurred in Arkansas and largely within the United States District Court for the Eastern District of Arkansas. Venue is appropriate in this Court.

## FACTS

8. From approximately August 1992 until approximately November 16, 2021, Burgess was an employee of MassMutual and engaged in the financial services business. So far as is relevant to the instant action, Burgess sold MassMutual products through Strategic Financial Partners.

9. Commencing approximately May 27, 2021, MassMutual, through the person of VanderSteeg and, upon information and belief, John Does 1-10, engaged in a pattern of misconduct designed to force Burgess to retire from his position and to turn over to younger employees the book of business from which Burgess earned substantial commissions.

10. Examples of such actions include VanderSteeg pressuring Burgess to transfer his book of business to younger sales representatives and to train those representatives. During this process, VanderSteeg made comments such as that the transfer of Burgess' clients to the younger

representatives was necessary because Burgess "might die" or might "become incapacitated and unable to work."

11. At some point, the age-related hectoring of Burgess became so frequent, pervasive, and severe that Burgess was forced to consider a change in employers.

12. Burgess and a co-employee (who was suffering from much the same actions as Burgess) decided to leave their employment with MassMutual and to establish an office under a different name/employer, Cetera Advisors, LLC, d/b/a Still Waters Financial Group ("Cetera").

13. On or about November 12, 2021, Burgess and the co-employee presented a letter to VanderSteeg in which they both tendered their resignations from MassMutual and, further, informed VanderSteeg of their plans to go to work with Cetera.

14. The November 12 letter prompted a telephone conversation between Burgess, Burgess' co-employee, VanderSteeg, and others. During this conversation, VanderSteeg informed Burgess and his co-worker that VanderSteeg would not immediately accept the employees' resignations in order to give Burgess and his co-employee an opportunity to reconsider their decisions to leave MassMutual. During their conversation, VanderSteeg assured Burgess and his co-employee, at least three times and within the hearing of another employee, Eric Bubrig, that, should they leave MassMutual in spite of his entreaties to reconsider and remain with MassMutual, both employees could retain the list of clients and accounts built and managed by Burgess and his co-employee (the "MassMutual Broker Contract"), so as to allow them to generate new commission income by continuing to sell MassMutual products and continue to receive commissions on previously-sold MassMutual products.

15. In reliance upon VanderSteeg's assurance that they would retain their MassMutual Brokerage Contract irrespective of their decision to remain with or leave MassMutual, and, in Burgess' case, to remove himself from the almost constant derogatory references to his age,

3

Burgess and his co-employee decided to leave MassMutual and began working with and for Cetera.

16. After the move, and after it was effectively too late to alter their decision to change employers, VanderSteeg made it known to Burgess and his co-employee that, contrary to his relied-upon statements that they would retain a MassMutual Broker Contract, VanderSteeg made it known that Burgess and his co-employee would *not* retain their MassMutual Broker Contracts.

17. After these events and, upon information and belief, continuing to the present, MassMutual representatives, at the direction of VanderSteeg, engaged in a course of misrepresenting Burgess' work status to his clients by falsely informing the clients that Burgess had retired from the securities business. VanderSteeg and other agents or representatives of MassMutual knew that this retirement statement was false when they made it and, further, knew that Burgess continued in the business with Cetera. This conduct was designed to make Burgess' clients believe, incorrectly, that they had no choice but to transfer their business from Burgess and to other younger agents or representatives of MassMutual.

18. By correspondence dated December 10, 2021, counsel for Burgess informed MassMutual's representatives about the spread of retirement misinformation. Burgess stated that "At no time has he been retired, stated that he planned to retire, or otherwise made any statement or taken any action that would evidence any intention of imminent retirement. It is completely improper for MassMutual to make misrepresentations to clients."

19. Counsel for Plaintiff requested that the false statements and misconduct cease immediately. Upon information and belief, the false statements and misconduct did not stop.

20. VanderSteeg's actions in refusing to honor his promise to allow Burgess to continue with a MassMutual Broker Contract rendered Burgess not only unable to initiate MassMutual transactions with new clients, but also unable to service then-existing MassMutual clients.

4

VanderSteeg's actions in this regard also rendered Burgess unable to collect commissions on previously-placed MassMutual business.

21. MassMutual and VanderSteeg have allowed similarly-situated but younger employees to retain their MassMutual Broker Contracts upon their separation of employment.

22. This is an action to redress violations of the ADEA and violations of Arkansas state law regarding interference with contractual relations and/or business expectancy, fraud, and promissory estoppel.

## COUNT 1 – VIOLATION OF ADEA

23. Plaintiff reasserts the allegations set forth in Paragraphs 1-22 hereof.

24. The actions of VanderSteeg and other MassMutual representatives in attempting to force Plaintiff to share or even surrender his book of business to younger employees were on account of Plaintiff's age.

25. Plaintiff is, and at all relevant times, was a member of a protected group under the ADEA, that is persons 40 years of age or older.

26. Plaintiff was subject to adverse employment actions, including harassment and a refusal to allow Plaintiff to retain a MassMutual Broker Contract.

27. VanderSteeg's actions in making derogatory, age-related remarks to and about Plaintiff were on account of Plaintiff's age and were made in an attempt to force Plaintiff to retire and/or share his book of business with younger MassMutual agents or representatives.

28. The adverse employment actions made it substantially more difficult for Plaintiff to do his job while at MassMutual, and caused Plaintiff emotional distress, worry, and concern.

29. VanderSteeg did not subject younger persons to such harassment and has allowed similarly-situated younger persons to retain their MassMutual Broker Contracts upon separation of employment.

30. At all times relevant hereto, Plaintiff was qualified to do the work for which Plaintiff was rejected.

31. Plaintiff has been damaged by Defendants' actions. Such damage includes but is not limited to emotional distress, undue worry and concern, loss of income, and loss of reputation.

32. Plaintiff has satisfied the administrative requirements of timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued to Plaintiff a Notice of Right to Sue. *See* Exhibit 1 hereto. This action is filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue and, thus, is timely.

33. Defendants' actions in this respect were willful and taken with the knowledge that they were illegal or with a reckless disregard of whether they were lawful.

### COUNT TWO – TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS EXPECTANCY

34. Plaintiff reasserts the allegations set forth in Paragraphs 1-33 hereof.

35. Plaintiff had a contract with certain of his clients and/or a reasonable expectation that he would enter or continue in a contractual relationship with certain third persons.

36. At all times relevant hereto, Defendants were aware of these contractual relations and/or legitimate expectations of contractual relations.

37. Defendants intentionally interfered with these contractual relations and/or legitimate expectations of contractual relations.

38. Defendants' interference was improper.

39. Defendants' conduct resulted in Plaintiff's loss of contractual relations and/or legitimate expectations of contractual relations.

40. VanderSteeg's and others' actions in interfering with Plaintiff's contractual relations and/or business expectancies were made while acting as representatives or agents of MassMutual.

6

41. Defendants' actions in this regard were willful and taken with the knowledge that they were illegal or with a reckless disregard of whether they were lawful.

42. Plaintiff suffered damages as a result of the tortious interference.

### COUNT THREE – FRAUD

43. Plaintiff reasserts the allegations set forth in Paragraphs 1-42 hereof.

44. Defendant VanderSteeg made an intentional misrepresentation of fact when he advised Plaintiff and Plaintiff's co-employee that they could continue with the MassMutual Broker Contract regardless of whether they resigned their position with MassMutual. VanderSteeg knew the representation was false when he made it.

45. VanderSteeg made the intentional misrepresentation of fact while acting as an agent or representative of MassMutual.

46. Plaintiff relied on VanderSteeg's representations when he resigned.

47. As a result of VanderSteeg's actions in this regard, Plaintiff has suffered damages.

48. Furthermore, after the separation of his employment with MassMutual, Plaintiff retained a valid business expectancy of continuing to engage in securities and insurance transactions with his then-existing clients, many of whom had been Plaintiff's clients for decades.

49. Defendants interfered with that expectancy, through their false representation to Plaintiff's clients.

50. Plaintiff has been damaged by Defendants' unlawful conduct.

51. Defendants' actions in this regard were willful and taken with the knowledge that they were illegal or with a reckless disregard of whether they were lawful.

## COUNT FOUR – PROMISSORY ESTOPPEL

52. Burgess reasserts the allegations set forth in Paragraphs 1-51 hereof.

53. Defendant VanderSteeg, acting as an agent or representative of MassMutual, clearly and unambiguously promised Burgess that Burgess could continue with a MassMutual Broker Contract regardless of whether Plaintiff remained at MassMutual or separated his employment with MassMutual.

54. Burgess relied upon VanderSteeg's promise in opting to separate his employment with MassMutual.

55. Burgess' reliance in this regard was reasonable.

56. Burgess' reliance in this regard was foreseeable by VanderSteeg.

57. Burgess suffered damages as a result of his reliance upon VanderSteeg's promise.

58. Injustice will occur if VanderSteeg's promise is not enforced.

59. Defendants' actions in this regard were willful and taken with the knowledge that they were illegal or with a reckless disregard of whether they were lawful.

## RELIEF REQUESTED

60. Burgess requests a trial by jury on all claims so triable.

WHEREFORE, Plaintiff Michael Burgess seeks an award of damages for lost income, front pay, loss of future income, emotional distress, non-wage loss, liquidated damages, punitive damages, attorney fees and costs, and all other equitable and legal relief to which he may be entitled.

                Respectfully submitted,

                ROSE LAW FIRM,
                a Professional Association
                120 E. Fourth Street
                Little Rock, Arkansas 72201
                (501) 375-9131

By:    */s/ David P. Martin*
                David P. Martin (ABN: 92241)
                dmartin@roselawfirm.com
                Nancy A. Smith (ABN: 2020212)
                nsmith@roselawfirm.com

                *Attorneys for Plaintiff*

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Michael Burgess<br>2712 Timbercreek Drive<br>BRYANT, AR 72022 | From: | Indianapolis District Office<br>101 West Ohio St, Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2022-02650 | ANDREA DAYHARSH,<br>Enforcement Supervisor | 463-999-1127 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Michelle Eisele
06/30/2023
**Michelle Eisele**
**District Director**

Enclosures(s)

cc: Steve Crowther
1295 STATE ST
Springfield, MA 01111

David P Martin
120 East Fourth Street
LITTLE ROCK, AR 72201

Nancy Smith
120 East Fourth Street
Little Rock, AR 72201



Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*